UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFEREY MERCER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-695 |
| | § | |
| MCKENZIE TANK LINES, INC., | § | |
| AND GERALD WILLIAMS, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss for lack of personal jurisdiction and improper venue filed by defendants McKenzie Tank Lines, Inc. ("McKenzie") and Gerald Williams ("Williams") (collectively, "Defendants"). Dkt. 9. Plaintiff Jefferey Mercer ("Mercer") responded.[1] Dkt. 10 at 9–10. Defendants replied. Dkt. 11. Mercer responded to that reply. Dkt. 12. Having reviewed the motion, responses, reply, and the applicable law, the court is of the opinion that Defendants' motion to dismiss for lack of personal jurisdiction should be GRANTED. Additionally, Defendants' motion to dismiss for improper venue should be DENIED as MOOT.

**I. BACKGROUND**

This personal injury case arises from a car accident. Dkt. 1 at 3. McKenzie hired Williams to drive its freight trucks. *Id.* at 2. While driving one of those trucks in Butler County, Alabama, Williams hit Mercer's car. *Id.* at 3. As a result of the accident, Mercer alleges that he suffered

---

[1]Plaintiff spells his name as "Jeffery Mercer." Dkt. 1. Defendants spell it "Jeffrey Mercer." Dkt. 6; Dkt. 9. The court will refer to him by the former. Additionally, the court is of the opinion that Mercer's request for jurisdictional discovery should be DENIED. *See infra* Section III.B.

property damage, and severe personal injuries, including: multiple bulging and herniated disks, spinal strains, bruises, cuts, scrapes, pain, and discomfort. *Id.* at 3–5.

McKenzie, a Florida corporation, has its headquarters and its principle place of business in Tallahassee, Florida. Dkt. 10 at 2. Williams has lived in North Carolina for fourteen years and does not intend to move. Dkt. 9-2 at 2. He does not own any property in Texas. *Id.*

On March 5, 2018, Mercer sued to recover damages for Defendants' alleged negligence, negligence per se, gross negligence, failure to train, and failure to supervise.[2] Dkt. 1 at 3–4.

Mercer personally served McKenzie via its manager, Kathy Holmes, in Pasadena, Texas. Dkt. 7 at 2. Mercer personally served Williams at his home in Mount Holly, North Carolina. Dkt. 5 at 2. Now, Defendants move to dismiss for lack of personal jurisdiction and improper venue. Dkt. 9 at 1.

## II. LEGAL STANDARD

**A.     Personal jurisdiction**

Federal courts are courts of limited jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 710, 102 S. Ct. 2099 (1982). Federal courts sitting in diversity may exercise personal jurisdiction to the extent permitted by the laws of the state in which the court sits. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (citing *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997)). The Texas long-arm statute allows jurisdiction to be exercised to the extent allowable under the Due Process clause of the Fourteenth Amendment. *Id.* at 424–25 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984)). A court must dismiss an action when it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2).

---

[2]Specifically, Mercer seeks damages for mental anguish, physical pain and suffering, medical expenses, lost wages, loss of enjoyment of life, and property loss. Dkt. 1 at 4.

2

When the court rules on personal jurisdiction without an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdiction. *See Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999). The burden then shifts to the defendant to demonstrate that the assertion of jurisdiction would be unfair. *Id.* at 215. In deciding whether to exercise personal jurisdiction, the court can consider the entire record, including affidavits. *Paz v. Bush Engineered Metals, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006).

The Due Process analysis entails a two-part inquiry. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990). First, "the nonresident defendant purposefully must have established minimum contacts with the forum state such that he invoked the benefits and protections of the forum's laws and thus reasonably could anticipate being haled into court there." *Id.* (internal quotation omitted). Second, "circumstances must be such that the exercise of personal jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (citing *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 107 S. Ct. 1026 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S. Ct. 2174 (1985); *Gulf Consol. Servs., Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071 (5th Cir. 1990)). Minimum contacts are established through the assertion of either general or specific jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 865 (5th Cir. 2001).

  *1. General jurisdiction*

If the court has general jurisdiction, it "may hear *any* claim against the defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co., v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (emphasis in original). "[O]nly a limited set of affiliations will render a defendant amenable to all-purpose [or general] jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746 (2014).

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2853 (2011). "The place where a person lives is taken to be his domicile until facts adduced establish the contrary." *Mitchell v. United States*, 88 U.S. 350, 21 Wall. 352 (1874). To change domicile, an individual must reside in a new locality and intend to remain there. *Welsh v. American Sur. Co. of N.Y.*, 186 F.2d 16, 17 (5th Cir. 1951) (citing *Mitchell*, 88 U.S. at 352). An individual's domicile does not change merely by not having a fixed home—regardless of how long they are away—without the individual's motivation to change their prior domicile for a new one. *Id.* An individual's prior domicile remains in place until a new domicile is established. *Id.*

"[F]or a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 924. The relevant inquiry is whether the corporation's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Id.* at 919 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 317, 66 S. Ct. 154 (1945)).

2. *Specific jurisdiction*

A court may exercise specific jurisdiction if "the cause of action arises out of a defendant's purposeful contacts with the forum." *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559 (1980)); *see Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Burger King*, 471 U.S. at 472). "Even a single, substantial act directed toward the forum can support specific jurisdiction." *Dalton*, 897 F.2d at 1361. The defendant's contacts with the forum must be more than "random, fortuitous, or attenuated," but even "isolated or sporadic contacts" can support specific

4

jurisdiction "so long as the plaintiff's claim relates to or arises out of those contacts." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498–99 (5th Cir. 2012) (internal quotation omitted).

### III. ANALYSIS

**A.     Personal jurisdiction**

*1.     General jurisdiction*

Defendants argue that the court lacks general jurisdiction. Dkt. 9 at 6–7. In *BNSF Railway v. Tyrell*, 137 S. Ct. 1549, 1553–54, 1559, 198 L. Ed. 2d 36 (2017), plaintiffs sued a railway company—a Delaware corporation with its principal place of business in Texas—in a Montana state court. *Id.* at 1553–54. The railway maintained six percent of its total railroad tracks and employed 2,100 employees (less than five percent of its total workforce) in Montana. *Id.* at 1554. And less than ten percent of its total revenue came from its Montana-based activities. *Id.* In addition, The plaintiffs' injuries did not occur in Montana. *Id.* Nor did their injuries relate to any work they performed there. *Id.*

*BNSF* determined that the railway was not "so heavily engaged in activity in Montana 'as to render [it] essentially at home' in that State." *Id.* at 1559 (quoting *Daimler*, 571 U.S. at 122). The Court explained that the general jurisdiction inquiry looks at a corporation's activities in the aggregate, not solely at the magnitude of its in-state contacts. *See id.* Accordingly, *BNSF* held that the railway's business in Montana "[did] not suffice to permit the assertion of general jurisdiction over claims . . . unrelated to any activity occurring in Montana." *Id.* at 1559.

*a.     McKenzie*

McKenzie is a Florida corporation with its headquarters and its principle place of business in Tallahassee, Florida. Dkt. 10 at 2. Mercer argues that the court has general jurisdiction over McKenzie because the latter has a physical address in this district. Dkt. 12 at 2. Mercer also argues that general jurisdiction exists because McKenzie operated a Texas office for several decades. *Id.*

Similar to *BNSF*, McKenzie operates an office in the forum state yet was incorporated and has its principal place of business in another state. *Compare* 137 S. Ct. at 1559, *with* Dkt. 9-1. Additionally, like the railway in *BNSF*, McKenzie operates in multiple states (six states) and bases less than ten percent of its entire workforce (six percent) in the forum. *Id*. Although Mercer correctly asserts that McKenzie has continuous contacts in Texas, such contacts fail to establish general jurisdiction. *See BNSF*, 137 S. Ct. at 1559. Instead, because similar factual allegations failed to establish general jurisdiction in *BNSF*, Mercer's allegations also fail to do so here. *Compare* 137 S. Ct. at 1559, *with* Dkt. 9-1. Accordingly, the court lacks general jurisdiction over McKenzie.

      b.     *Williams*

Here, Williams's domicile is North Carolina because he currently resides in North Carolina with no intention to leave. *Compare Goodyear*, 564 U.S. at 924, *with* Dkt. 9-2 at 2. Additionally, whether Williams's work takes him outside of North Carolina for extended periods of time or not does not change his domicile. *See Welsh*, 186 F.2d at 17; *see also* Dkt. 10 at 8. Because he is domiciled North Carolina, a court there would have general jurisdiction over him, and this court does not.

Because the court lacks general jurisdiction over Defendants, it must determine whether specific jurisdiction exists.

    2.     *Specific jurisdiction*

Defendants challenge specific jurisdiction. Dkt. 9 at 6–7. The court applies a three-step approach for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed it self of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim." *Id.* at 274.

*Seiferth* affirmed a district court's determination that: (1) a company lacked sufficient contacts with Mississippi to establish personal jurisdiction; and (2) an employee had sufficient contacts with Mississippi to establish specific jurisdiction over some, but not all of the claims against him. *See id.* at 276–77.

In *Seiferth*, a third-party employee's estate sued a corporation and its employee to recover for a fatal fall from a Mississippi helicopter platform. *Id.* at 270. The California corporation had its principle place of business in California and leased the helicopter to the decedent's employer. *Id.* The individual defendant installed, inspected, and delivered the platform and helicopter to Mississippi. *Id.* Although he resided in Tennessee, he lived in Florida when he designed and manufactured the platform. *Id.*

The court determined that it lacked specific jurisdiction over the plaintiff's defective design claim because the platform was designed in Florida. *Id.* at 275. However, it found that the remaining claims arose out of the individual defendant's forum-related contacts because he had directed his activities to Mississippi by transporting the platform and inspecting it there. *See id.* at 275–76.

    a.    McKenzie

To support purposeful availment, Mercer points to McKenzie's involvement in lawsuits in Texas. Dkt. 10 at 7. However, Mercer cites no authority to suggest that a court has specific jurisdiction over a defendant because that defendant is a party to a separate lawsuit arising out of non-forum-related claims. *Cf. Miller v. Native Link Constr. LLC.*, No. 15-605, 2017 WL 3536175, *1 n.8 (W.D. Pa. Aug. 17, 2017) (rejecting previous lawsuits within the forum as a basis for specific

jurisdiction when plaintiff did not demonstrate that his claims arose from, or related to those lawsuits).

Additionally, Mercer argues that other Texas accidents involving McKenzie's trucks give rise to personal jurisdiction. Dkt. 12 at 2. But nothing links McKenzie's previous Texas accidents with Mercer's allegations.[3] Those allegations only deal with the Alabama accident. Dkt 1 at 4. When Williams hit Mercer, the former was driving a dedicated route between Florida and Alabama. Dkt 9-2 at 2. That route did not include Texas. *Id.* For these reasons, Mercer fails to demonstrate that his claims arose from, or relate to, any forum-related activities. *See World-Wide Volkswagon*, 444 U.S. at 297.

Further, Mercer argues that contracts between McKenzie and Texas citizens show that the McKenzie did business in Texas for purposes of the Texas Long Arm Statute. Dkt. 10 at 7. However, that argument fails because this is a tort action, not a contract dispute. Dkt. 1 at 3–4.

In short, none of Mercer's claims arises out of McKenzie's purposeful contacts with the forum. *See Seiferth*, 472 F.3d at 271. As a result, Mercer cannot satisfy *Seiferth*'s second prong and this court lacks specific jurisdiction over McKenzie. *Id.* Accordingly, the court cannot exercise personal jurisdiction over it. Thus, Mercer's claims against McKenzie are DISMISSED.

b. *Williams*

Mercer argues that the court has personal jurisdiction over Williams because the latter purposefully availed himself of the privileges of working in Texas. Dkt. 10 at 6. In support, Mercer points to Williams's frequent travels, traffic citations in other states, earlier work for a company that did business in Texas, and continuous truck-driving in Texas. *Id.* at 8–9.

---

[3]Mercer's failure to train and supervise claims are the only ones that might possibly arise out of McKenzie's Texas contacts. Dkt. 1 at 4. However, Mercer did not allege, let alone make a *prima facie* showing, that McKenzie trained or supervised Williams in Texas.

Mercer's argument misses the mark because he bases his suit on an accident that took place in Alabama, not in Texas. Dkt. 1 at 4–5. Williams's contacts with the forum must be more than "random, fortuitous, or attenuated," but even "isolated or sporadic contacts" can support specific jurisdiction "so long as the plaintiff's claim relates to or arises out of those contacts." *Constenla*, 669 F.3d at 498–99 (internal quotation marks omitted). Williams drove a dedicated route from Florida to Alabama when he hit Mercer. Dkt 9-2 at 2. Williams did not receive any citations in Texas. Dkt. 10-6 at 5–8. Therefore, the court finds that Mercer fails to make a *prima facie* showing that his claims against Williams relate to or arise out of the latter's contacts with Texas. *See Constenla*, 669 F.3d at 498–99. Accordingly, this court lacks specific jurisdiction over Williams and Mercer's claims against him are DISMISSED. *Id.*

**B.**   **Jurisdictional discovery**

Rule 12(b)(2) gives courts discretion to grant jurisdictional discovery. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). However, "the movant must make a preliminary showing of jurisdiction which includes factual allegations that show with reasonable particularity the possible existence of [personal jurisdiction]. Furthermore, the movant must [1] identify the discovery needed, [2] the facts expected to be obtained thereby, and [3] how such information would support personal jurisdiction." *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 966 (S.D. Tex. March 27, 2018) (internal quotations omitted). Mercer has not met that burden. *Compare id.*, *with* Section III.A*; see also Seiferth*, 472 F.3d 266 (denying request for jurisdictional discovery of corporation's Mississippi contacts when a prima facie showing of jurisdiction was not made and those contacts would only go to general jurisdiction, which was not at issue). Accordingly, the court DENIES Mercer's request for jurisdictional discovery. Dkt 10 at 9.

## C. Venue

When a court dismisses a claim for lack of personal jurisdiction, a motion to dismiss for improper venue becomes moot. *See Monkey Boy Graphix, Inc. v. Anton Sport, Inc.*, No. 3:08-CV-0657-O, slip op. 2008 WL 11349964, at *1 (N.D. Tex. Sep. 17, 2008).

Here, the court lacks personal jurisdiction over Defendants in this diversity action. *See supra* Section III.A; *see also* 28 U.S.C. § 1391(b) (limiting diversity-case venue to districts where: any defendant resides, if all reside in the same State; a substantial part of the events or omissions giving rise to the claim occurred; or any defendant is subject to personal jurisdiction if no other district is proper). Accordingly, Defendants' motion to dismiss for improper venue is DENIED as MOOT.

## IV. CONCLUSION

For these reasons, Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED. Dkt. 9. Mercer's request to conduct jurisdictional discovery is DENIED. And Defendants' motion to dismiss for improper venue is DENIED as MOOT. *Id.* Accordingly, this case is DISMISSED without PREJUDICE.

Signed at Houston, Texas on July 2, 2018.

_____
Gray H. Miller
United States District Judge